1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GREENSPOON MARDER LLP
3993 Howard Hughes Parkway, Suite 400
Las Vegas, Nevada 89169
Tel: (702) 978-4255 / Fax: (954) 771-9264

# COMPOSITE EXHIBIT 1
## *State Court Documents*

Page 5 of 6

45670712v1

Electronically Filed
8/15/2020 11:06 PM
Steven D. Grierson
CLERK OF THE COURT

JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP, ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110,
Las Vegas, NV 89130
(702) 258-1183/(702) 258-6983 (fax)
jp@kemp-attorneys.com
Attorney for Plaintiff Herbert A. Bradley

CASE NO: A-20-819660-C
Department 16

DISTRICT COURT
CLARK COUNTY NEVADA
* * *

HERBERT A. BRADLEY,

              Plaintiff,

vs.

NAV-LVH, LLC, a Nevada Limited Liability
Company; DOES I-X; and, ROE Business
Entities I-X,

              Defendants.

Case No.:

Department No.:

**COMPLAINT**

JURY TRIAL DEMANDED

**Arbitration Exemption: action seeking
equitable or extraordinary relief.**

COMES NOW THE PLAINTIFF, by and through his counsel, JAMES P. KEMP, ESQ., of KEMP & KEMP, ATTORNEYS AT LAW, and states and alleges causes of action against the Defendant(s) as follows:

**JURISDICTION**

1.    This is a civil action for damages brought by HERBERT A. BRADLEY against his former employer to redress discrimination and retaliation under state and federal anti-discrimination statutes under NRS 613.330 et seq., and Title VII of the 1964 Civil Rights Act, as amended by the 1991 Civil Rights Act, 42 U.S.C. § 2000e to include discrimination and retaliation based on race and protected activities related to race. Plaintiff also brings claims for discrimination and retaliation under 42 U.S.C. § 1981.

2.    The events complained of herein took place in Clark County, Nevada.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

1

3.     Plaintiff timely filed a dual charge with the Nevada Equal Rights Commission (NERC) and the Equal Employment Opportunity Commission (EEOC), Charge No. 34B-2017-00761 on April 26, 2017, alleging race discrimination and retaliation in violation of Nevada and Federal law.  This dual filing was made pursuant to the law and the then-active Work Sharing Agreement between EEOC and NERC.

4.     On May 22, 2020, the NERC issued Plaintiff a "Notice of Right to Sue." Plaintiff is timely filing this civil action within the requisite 90 days of his receipt of that Notice.

5.     Plaintiff has fully complied with all prerequisites under Title VII and Nevada state statutes to pursue these claims in this court.

## PARTIES

6.     HERBERT A. BRADLEY (herein "Plaintiff"), is a black African-American male of Mexican national origin/descent, over the age of 40, and at all times complained of herein was a resident of the County of Clark, Nevada.

7.     Defendant, NAV-LVH, LLC, is a domestic Nevada Limited Liability Company.  It has continuous and ongoing business operations in the state of Nevada and Clark County and engages in an industry affecting commerce.  It does business as WESTGATE LAS VEGAS RESORT & CASINO.  It has well in excess of 500 employees.

8.    Defendants can only operate by and through its employees whether those persons are designated as owners, agents, managers, supervisors, or employees.

9.     Plaintiff is unaware of the true names and capacities whether individuals, corporations, associates, or otherwise of Defendants DOE INDIVIDUALS I through X and ROE BUSINESS ENTITIES I through X, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that the Defendants, and each of them, are in

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

some manner responsible and liable for the acts and damages alleged in this Complaint. Plaintiff will seek leave of this Court to amend this Complaint to allege the true names and capacities of the DOE INDIVIDUAL and ROE CORPORATION Defendants when the true names of the DOE INDIVIDUAL and ROE CORPORATION Defendants are ascertained.

## ALLEGATIONS COMMON TO ALL CLAIMS

10.    Plaintiff was employed by Defendants from May 5, 2015 through April 18, 2017 as an Executive Stewart.

11.    Plaintiff was good at his job and enjoyed his work very much up until the time that the Defendants engaged in the illegal discrimination and retaliation set forth herein.

12.    Plaintiff performed his job at a level that met or exceeded the reasonable expectations of the Defendants.

13.    The Defendants discriminated against Plaintiff due to his race, black African-American. Plaintiff was subjected to different and unequal terms and conditions of employment, harassed, and discharged.

14.    The Defendants retaliated against Plaintiff for his engaging in protected activities under NRS Chapter 613, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. These protected activities included, but were not limited to, Plaintiff complaining to Defendant's human resources employees and his superiors in Defendant's organization that he was being discriminated against by his superiors including Charles Wilson (White) and Keith Ball (White). The retaliation took several forms, principally Plaintiff was terminated from his employment.

15.    From the time Plaintiff stared working for Defendants until about April 2016 things went very well for Plaintiff. However when Defendant hired Charles Wilson, who later was put into a position superior to Plaintiff, in about April 2016, Wilson immediately started a campaign of

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

3

discrimination and retaliation against Plaintiff.

16.    When Wilson was first employed he was not over Plaintiff; however, Wilson immediately set out to undermine Plaintiff in the eyes of his superiors and acted in a hostile and threatening manner toward the Plaintiff.   Wilson actively campaigned against Plaintiff with the Plaintiff's superiors in an attempt to get Plaintiff in trouble and possibly get him fired.   Wilson did this based upon his racially discriminatory animus toward the Plaintiff.

17.    In about December of 2016 Wilson was promoted to Vice President of Food and Beverage and this made him superior to Plaintiff in the Defendant's organization and put Wilson in a position to directly discriminate against Plaintiff, harass him, and create a racially hostile work environment, which Wilson did so engage in such activities aimed at Plaintiff.

18.    Wilson would constantly unfairly scrutinize and nitpick the work of Plaintiff.  Wilson went out of his way to find things wrong in Plaintiff's department.  Wilson solicited Plaintiff's co-workers and encouraged them to report every little thing that they could that would help Wilson in his campaign to discriminate against and harass Plaintiff based on his race.  It was Plaintiff's race that motivated Wilson's actions against the Plaintiff.

19.    All of the departments under Wilson except for Plaintiff's were run by White males and those White male co-workers of Plaintiff were treated more favorably and not subjected to the undue scrutiny and other discriminatory acts set forth herein.   Only Plaintiff, the African-American department head was treated so discriminatorily by Wilson.

20.    Plaintiff would confront Wilson for his undue scrutiny, for example when Wilson would be taking photographs of out-of-context workplace conditions.  Plaintiff would ask why Wilson was doing that and Wilson would respond that Plaintiff and "William" (another black African-American employee) had nothing to worry about.  Wilson did not treat the White co-workers this way.  He

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

4

singled out black African-Americans including Plaintiff.

21. Wilson treated my White co-workers more favorably. Plaintiff knows of other White department heads that had major violations yet Wilson never wrote them up or seemed to care if they made mistakes. He provided special favors to White co-workers of Plaintiff including giving them extra vacation time that Plaintiff, as a black African-American employee, was not allowed to similarly do even though Plaintiff had more seniority than the White co-worker in question.

22. Plaintiff was denied bonuses that his White co-workers were given. Plaintiff had earned the bonus, but it was denied to him. White co-workers were treated more favorably in this regard.

23. When Wilson's discriminatory and harassing behavior became too much for Plaintiff to endure, he met with and complained to Defendant's CEO about the discrimination and harassment. Plaintiff was promised that the matter would be dealt with; however, not only was it NOT dealt with Wilson was permitted to retaliate against Plaintiff and began spreading among the other department heads that Plaintiff would be fired.

24. On or about January 2017 Plaintiff reached out to Karal Johnson, Vice President of Human Resources to complain about the discrimination and harassment by Wilson. Johnson did not meet with Plaintiff, but Plaintiff did meet with a human resources employee Elizabeth Ramos an made his complaint about discrimination and harassment by Wilson. Plaintiff provided the names of witnesses, witness statements, and a statement by one witness to whom Wilson had boasted that he would get Plaintiff fired. Plaintiff waited about two months for human resources to investigate his complaints, but they never did so. On or about March 12, 2017 Plaintiff asked Johnson for a transcript from his meeting with Ramos in January. Johnson made excuses and never provided the transcript of the meeting.

25. On or about March 27, 2017 Plaintiff again reached out to VP of Human Resources

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

Johnson, and again asked for a meeting to discuss the discrimination and harassment that Plaintiff was being subjected to by Wilson. Again Johnson refused to meet with Plaintiff; however, on or about April 6, 2017 a meeting was scheduled for Plaintiff to meet with "Judy" another human resources employee. The day of that scheduled meeting, April 6, 2017 Plaintiff was called in early and was told that he would be placed on a Performance Improvement Plan (PIP). This was false and pretextual and retaliatory because there was nothing wrong with Plaintiff's performance. Plaintiff rebutted each item on the PIP as they were discussed and showed each of the items to be bogus. Plaintiff stated that had his complaints about discrimination, harassment, and retaliation been taken seriously and investigated in January 2017 like he had asked, that he would not be sitting there looking at the PIP. Plaintiff was promptly suspended pending investigation. In doing so Defendant violated its own policies and procedures as well as federal and state anti-discrimination and anti-retaliation law.

26.   On or about April 13, 2017 the Defendant shifted its reasons for its actions in suspending the Plaintiff now claiming that he had been rude and discourteous. This was false and retaliatory.

27.   On or about April 18, 2017 the Plaintiff was called on the telephone and discharged.

28.   The reasons given for Plaintiff's discharge were false and pretextual. The real reasons were discrimination based on race and retaliation for Plaintiff's protected activity of opposing illegal race discrimination and harassment by Defendant and its managers and supervisors.

**FIRST CAUSE OF ACTION**
**DISCRIMINATION BASED ON**
**RACE IN VIOLATION OF FEDERAL AND STATE LAW**

29.   Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

30.   Plaintiff is a member of the class of persons protected by federal and state statutes

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

prohibiting discrimination based on race specifically black African-American. Plaintiff was properly performing all his job duties consistent with the employer's reasonable expectations.

31.    Defendants, as employers, are subject to the federal statute prohibiting discrimination, Title VII, 42 U.S.C. § 2000e *et seq.* as amended, and the Nevada state statute prohibiting race discrimination, N.R.S. 613.310 *et seq.*, and thus have a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination. They failed to do so.

32.    Plaintiff was treated differently because of his race, black African-American. Examples of this differing treatment, as more fully detailed above, include, but are not limited to, being subjected to being adversely scheduled in a discriminatory manner in comparison to similarly situated employees not in his protected class.

33.    The aforementioned actions also give rise to an illegal hostile environment based on Plaintiff's race, black African-American. That hostile environment arose out of the cumulative effects of events occurring between July 1, 2016 and April 20, 2017,  which created an illegally hostile environment within the limitation period under Title VII and the Nevada Statute and for which Plaintiff dual-filed a sworn Charge with the NERC and EEOC and subsequently amended that Charge on or about March 5, 2020.  The Amended Charge is incorporated here by this reference.

34.    Plaintiff perceived his working environment to be abusive or hostile as would a reasonable person in Plaintiff's circumstances. The hostile work environment was severe or pervasive and altered the terms and conditions of Plaintiff's employment.

35.    This illegal and hostile environment made it more difficult for Plaintiff to do his job, affected his work performance, his work-place well-being, and his mental state.

36.    Defendants had actual and constructive knowledge of the intolerable conditions and discrimination to which Plaintiff was subjected, but chose not to remedy the situation.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

37.   These actions constitute violations of federal law prohibiting race discrimination, Title VII, 42 U.S.C. § 2000e *et seq.* as amended, and Nevada state law, N.R.S. 613.310 *et seq.*

38.   Plaintiff has suffered economic loss as a result of this illegal race discrimination and is entitled to recover an amount sufficient to make him whole.

39.   The Plaintiff suffered the tangible adverse employment action of termination from employment.

40.   Plaintiff is entitled to reinstatement, back pay, front pay in lieu of reinstatement, and any other monetary and equitable remedies contemplated by state and federal anti-discrimination laws.

41.   Plaintiff has suffered emotional distress, humiliation, and mental anguish and is entitled to be compensated for those inflictions under the aforementioned federal statute.

42.   Plaintiff is entitled to punitive damages under federal law in an amount sufficient to punish Defendants and to deter them from engaging in these actions.

43.   As a result of Defendants' acts described in this Complaint, Plaintiff has been forced to engage the services of an attorney and expend costs to pursue and protect his rights under the law.

44.    Defendants have acted with malice, fraud or oppression and a conscious disregard of Plaintiff's rights.

**SECOND CAUSE OF ACTION**
**RETALIATION BASED ON**
**NATIONAL ORIGIN IN VIOLATION OF FEDERAL AND STATE LAW**

45.   Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

46.   The aforementioned state and federal statutes prohibiting discrimination also separately prohibits employers from retaliating against any individual engaging in protected activity which includes reporting, complaining about, or raising concerns, and opposing possible discrimination or

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

acts which might constitute discrimination.

47.    Defendants' subjected Plaintiff to retaliation after, and as a result of, his engaging in protected activity as more fully detailed herein.  Plaintiff's protected activities include: 1) reporting, complaining and opposing the illegal actions of his managers; and, 2) the continual communication with Defendants regarding the illegal actions and discrimination.

48.    The actions and conduct by Defendants would deter Plaintiff and others from reporting, complaining, opposing or otherwise engaging in protected conduct, thus constituting illegal retaliation because Title VII has been held to prohibit employer's actions which "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern Co. v. White,* 548 U.S. 53 (2006).

49.    Defendants failed to take reasonable actions to prevent retaliation against Plaintiff. To Plaintiff's knowledge and perception, after he complained and otherwise engaged in protected activities, no preventive or remedial actions were taken to prevent retaliation.

50.    The aforementioned action and conduct of Defendants constitutes illegal retaliation prohibited under state and federal law.

51.    As a direct and proximate cause of Defendants' wrongful conduct and illegal discrimination in the form of retaliation, Plaintiff has been seriously harmed, economically and emotionally, and is, therefore, entitled to be fully compensated.

52.    Plaintiff is entitled to punitive damages under federal law in an amount sufficient to punish Defendants and to deter them from engaging in these actions involving a conscious disregard of Plaintiff's rights under the law.

53.    As a result of Defendants' acts described in this Complaint, Plaintiff has been forced to engage the services of an attorney and expend costs to pursue and protect his rights under the law.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1981**

54.     Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

55. Defendants have violated the Civil Rights Act of 1866, as amended, through the actions of their managers and officials in failing to provide equal contractual opportunities to black African – American employees.

56. Defendants intentionally retaliated against Plaintiff for his opposing their discriminatory and illegal conduct under the Act and for demanding equal treatment in his contractual relations with Defendants.

57. Plaintiff has been harmed by Defendants' actions, has suffered damages, and is entitled to be fully compensated therefor.

58. The actions of Defendants were willful, malicious, oppressive, and calculated to discourage Plaintiff and other of Defendants' employees from pursuing their rights under Federal law. Defendants should be subjected to Punitive and Exemplary damages to deter future conduct of this sort.

59. As a result of Defendants' actions, Plaintiff has been required to hire an attorney and expend fees and costs to pursue and protect his legal rights through this action and is, therefore, entitled to recover his reasonable attorney fees and costs in an amount to be determined.

**FOURTH CAUSE OF ACTION:**
**RETALIATION IN VIOLATION OF 42 U.S.C. § 1981**

60.     Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

61. Plaintiff was retaliated against after he opposed and complained about the discriminatory

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

treatment he received in Defendants' workplace.

62. Plaintiff suffered one or more adverse job consequences intentionally imposed by Defendant, as detailed above.  These consequences were of the type that would tend to discourage similarly situated employees from complaining about or opposing illegal discrimination.

63. Plaintiff's employment was terminated by Defendants when he was discharged due to discrimination based on race and retaliation for Plaintiff having opposed and complained about the discriminatory and illegal treatment.

64. Defendants' discriminatory and retaliatory treatment of the Plaintiff in his employment was in violation of 42 U.S.C. § 1981.

65. Plaintiff suffered mental anguish, humiliation and emotional distress as a direct and proximate result of Defendants' actions.

66. Plaintiff has suffered and will suffer lost wages and benefits of employment as a direct and proximate result of the actions of the Defendants.

67. The actions of Defendants were willful, malicious, oppressive, and calculated to discourage Plaintiff and other of Defendants' employees from pursuing their rights under Federal and/or Nevada law. Defendants should be subjected to Punitive and Exemplary damages to deter future conduct of this sort.

68. As a result of Defendants' actions, Plaintiff has been required to hire an attorney and expend fees and costs to pursue and protect his legal rights through this action and is, therefore, entitled to recover his reasonable attorney fees and costs in an amount to be determined.

**WHEREFORE**, Plaintiff expressly reserves the right to amend his Complaint at or before the time of trial of the action herein to include all items of damages not yet ascertained, and demands judgment against the Defendants, upon each of them, as follows:

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

A.   All applicable monetary relief provided for under Federal law, common law and Nevada state law including, but not limited, to the following:

1.   Money damages in excess of $15,000.00;

2.   Economic damages including, but not limited to, lost wages or income and benefits of employment, incidental and consequential damages;

3.   Equitable and extraordinary relief in the form of an order reinstating Plaintiff to his position/shift in accordance with NRS, Title VII and/or other applicable law, or front pay in lieu of reinstatement;

4.   General damages including emotional distress and general economic harm;

5.   Nominal damages if appropriate;

6.   Punitive and/or Exemplary damages to deter the Defendants from future malicious, fraudulent, willfully illegal, and/or oppressive conduct of a similar nature;

7.   Pre-judgment and post-judgment interest on the amounts awarded  at the prevailing legal rate;

8.   For an additional amount to account for any taxes Plaintiff may be called upon to pay in relation to any award made herein;

9.   Reasonable attorney fees, reasonable expert witness fees, and other costs of the action pursuant to federal and state statute, agreement, or court rule; and

///

///

///

///

B.  A trial by jury on all issues that may be tried to a jury; and/or

C.  For such other and further relief as the Court may deem just and proper.

DATED August 15, 2020

/s/ James P. Kemp
JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
KEMP & KEMP
7435 W. Azure Drive, Ste 110
Las Vegas, NV  89130
702-258-1183 ph./702-258-6983 fax

*Attorneys for Plaintiff*

Electronically Filed
8/15/2020 11:06 PM
Steven D. Grierson
CLERK OF THE COURT

JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110,
Las Vegas, NV  89130
(702) 258-1183/(702) 258-6983
jp@kemp-attorneys.com
Attorney for Plaintiff

CASE NO: A-20-819660-C
Department 16

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| HERBERT A. BRADLEY, | ) |
| | ) Case No.: |
| Plaintiff, | ) |
| vs. | ) Dept. No. |
| | ) |
| NAV-LVH, LLC, a Nevada Limited Liability | ) |
| Company; DOES I-X; and, ROE Business | ) |
| Entities I-X, | ) **INITIAL FEE DISCLOSURE** |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above entitled action as indicated below:

HERBERT A. BRADLEY, Plaintiff          $270.00
TOTAL REMITTED:                        $270.00

Plaintiff demands a jury trial.

DATED August 15, 2020

_____/s/James P. Kemp_____
JAMES P. KEMP, ESQ.
Nevada Bar No. 006375
Attorney for Plaintiff

1

10/7/2020 7:28 AM

SUMM

Electronically Filed
10/15/2020 6:40 AM
Steven D. Grierson
CLERK OF THE COURT

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| HERBERT A. BRADLEY, | ) |
| Plaintiff, | ) ) Case No.: A-20-819660-C |
| vs. | ) ) Dept. No.  XVI |
| NAV-LVH, LLC, a Nevada Limited Liability Company; DOES 1-X; and, ROE Business Entities I-X, | ) ) ) **SUMMONS** |
| Defendants. | ) ) ) |

NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

### NAV-LVH, LLC, a Nevada Limited Liability Company;

1.  If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:
    (a)   File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
    (b)   Serve a copy of your response upon the attorney whose name and address is shown below.

2.  Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.  If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.  The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the Complaint.

Submitted by:

_____
JAMES P. KEMP, ESQ.
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, Nevada 89130
(702) 258-1183
Attorney for Plaintiff

STEVEN D. GRIERSON
CLERK OF THE COURT
CLERK OF COURT                                    10/7/2020

By: _____
        Deputy Clerk              Date
**Laurie Williams**

# AFFIDAVIT OF SERVICE

Job # 11046

**Client Info:**

KEMP & KEMP, ATTORNEYS AT LAW
7435 W AZURE DR., SUITE 110
Las Vegas, NV 89130

**Case Info:**

| | |
|---|---|
| **Plaintiff:**<br>HERBERT A. BRADLEY,<br>-versus-<br>**Defendant:**<br>NAV-LVH, LLC, a Nevada Limited Liability Company; DOES I-X; and,<br>ROE Business Entities I-X, | District Court<br>Court Division: Dept. No.: XVI<br>County of Clark, Nevada<br><br>Issuance Date: 10/7/2020 Court Case # **A-20-819660-C** |

**Service Info:**

**Date Received: 10/7/2020 at 10:01 AM**
**Service: I Served NAV-LVH, LLC, a Nevada Limited Liability Company**
With: **Summons & Complaint**
by leaving with **Kris, AUTHORIZED TO ACCEPT**

**At Business RA - CORPORATE SERVICE COMPANY 112 NORTH CURRY STREET CARSON CITY, NV 89703**

Latitude: **39.164264**
Longitude: **-119.768195**

On **10/8/2020** at **10:50 AM**
**Manner of Service: BUSINESS**
**SERVED:** by delivering a true copy of this **Summons & Complaint** to: **Kris , AUTHORIZED TO ACCEPT** at the address of: **RA - CORPORATE SERVICE COMPANY 112 North Curry Street Carson City, NV 89703** of the named person's usual place of place of business with an authorized person according to NV Rules of Civil Procedure.

I **Jon Salisbury** , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above , action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in 't are true.

Signature of Server: _____
**Jon Salisbury**
Lic # **2100C**
**LV Process and Investigations, LLC**
License #2039
10829 Whipple Crest Ave.
Las Vegas, NV 89166
Phone: (702) 592-3283

Our Job # **11046**   Client Ref # **Bradley**

SUBSCRIBED AND SWORN to before me this ____ day of October 2020 by Jon Salisbury
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
NOTARY PUBLIC for the state of Nevada

SANDRA GUIDRY
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 10-08-23
Certificate No: 15-3221-2




1 of 1